**STATE of Missouri, Respondent,**

v.

**Clarence MARTIN, Appellant.**

**No. 63069.**

Supreme Court of Missouri,
Division No. 1.

May 11, 1982.
Rehearing Denied June 14, 1982.

Henry Robertson, St. Louis, for appellant.

Kelly Klopfenstein, Asst. Atty. Gen., Jefferson City, for respondent.

ROLLIE R. BALDWIN, Special Judge.

Appellant, Clarence Martin, was convicted by a jury of forcible rape and burglary in the first degree. The jury assessed punishment at ten years for the rape and five years for the burglary. Pursuant to §§ 558.016 and 557.036.3, RSMo 1978, as amended, the trial court found that the appellant was a persistent and dangerous offender and sentenced the appellant to life imprisonment for the forcible rape and ten years for the burglary in the first degree with the sentences to run concurrently.

The appellant presented no evidence. The State's evidence however, was sufficient to establish that the appellant, who the victim had never seen before, entered the rear kitchen door of the victim's apartment, about 9:30 P. M. on December 26, 1979, and armed with a knife, seven to eight inches in length with a four to five inch blade, forced sexual intercourse upon her on the kitchen floor.

■ The appellant first contends that the knife used was not a "deadly weapon" as defined in § 556.061.9, RSMo 1978, and therefore the trial court erred in overruling appellant's Motion For Directed Verdict And Judgment Of Acquittal and erred in submitting instructions numbered six and seven in that the indictment and instructions contained the element that the rape was perpetrated by use of a "deadly weapon".

Section 556.061.9, RSMo 1978, states:

"Deadly weapon means any firearm, loaded or unloaded, or any weapon from which a shot, readily capable of producing death or serious physical injury may be discharged, or a switchblade knife, dagger, billy, blackjack, or metal knuckles."

The issue in this case is whether there was substantial evidence presented from which the jury could have found that the instrument used by the appellant and described as a knife was a dagger and a deadly weapon as defined by § 556.061.9, RSMo 1978. Webster's New Universal Dictionary, 1976, defines a dagger as, "1. a short weapon with a sharp point used for stabbing; a poniard."

The appellant has brought the Court's attention to § 571.010.9, RSMo, effective September 29, 1981, which, although not directly applicable to this case, does define the term knife as follows:

"Knife means any, dagger, dirk, stiletto or bladed hand instrument that is readily capable of inflicting serious physical inju-

ry or death by cutting or stabbing a person. For purposes of this chapter, "knife" does not include any ordinary pocket knife with no blade more than four inches in length."

It is very clear that the legislature has now stated that *"knife"* under some circumstances and for some purposes means *"dagger"*.

Logic is repelled by a contention that a knife, seven to eight inches long with a four to five inch blade, can never be considered to be a dagger. Certainly some knives under some circumstances may be used as, and may reasonably be considered to be daggers and deadly weapons. The jury, in this case, found beyond a reasonable doubt, as expressed in its verdict, that the appellant did display a "deadly weapon" in a threatening manner.

We find that the evidence in this case concerning the knife used by the appellant, was substantial and sufficient to support the jury's verdict that it was a "deadly weapon" as defined in § 556.061.9, RSMo 1978, and was displayed in a threatening manner.

The appellant next contends that it was error to submit instruction number seven regarding the first degree burglary charge, because the instruction contained a material element at variance with the indictment. The indictment charged "while in such building the defendant was armed with a deadly weapon", and the instruction required the jury to find, as to that element, that "while in the inhabitable structure the defendant was armed with a deadly weapon *or M_____ S_____ was present in the structure and was not a participant in the crime."* (Emphasis added.)

A variance between an indictment and an instruction, to be fatal and justify reversal, must be material and prejudicial to the rights of the defendant. *State v. Macone,* 593 S.W.2d 619 (Mo.App.1980), *State v. Crossman,* 464 S.W.2d 36 (Mo.1971).

■ The appellant was not prejudiced by instruction number seven, allowing the disjunctive finding that M_____ S_____, the victim, was in the structure and not a par-

ticipant in the crime because the jury verdict specifically found that the appellant did display a deadly weapon during the rape and we have found the evidence sufficient to support that finding. The evidence was also clear and uncontroverted that the rape occurred in the inhabitable structure during the burglary. If the jury also found that M_____ S_____, the victim, was present in the structure and was not a participant in the crime, that finding was surplusage. The elements were in the disjunctive and the element of the burglary indictment "armed with a deadly weapon", was specifically found.

Furthermore, the indictment charged the appellant with entering the inhabitable structure with the purpose of committing the crime of rape therein, and he certainly was well aware that there would be evidence of the victim's presence in the structure. Appellant has shown no prejudice or surprise by the variance and had ample opportunity to offer any defense to the victim's presence that he chose to offer.

The judgment is affirmed.

BARDGETT, Acting P. J., RENDLEN, J., and FINCH, Senior Judge, concur as to Count I conviction for rape and concur in result as to Count II conviction for burglary.

MORGAN, P. J., not participating.