**CITY OF INDEPENDENCE, Missouri, Respondent,**

v.

**John D. YOUNG, Appellant.**

**No. WD 40299.**

Missouri Court of Appeals, Western District.

Nov. 15, 1988.

Robert G. Fisher, Independence, for appellant.

Kevin Kelly, Rebbecca Lake Overman, Independence, for respondent.

Before LOWENSTEIN, P.J., and TURNAGE and COVINGTON, JJ.

TURNAGE, Judge.

John Young was found guilty, after a trial de novo, of unlawful use of a weapon in violation of an Independence City Ordinance. The court fixed punishment at a fine of $250 and ten days confinement. The court suspended execution of the confinement and placed Young on probation for one year.

On appeal Young contends that the weapon which was the subject of the charge, did not fall within the terms of the statute because it was not capable of lethal use. Reversed.

On November 15, 1986, police stopped the vehicle, in which Young was a passenger, because it matched the description of an automobile suspected of being involved in an armed robbery. The occupants, including Young, were removed from the car and searched by the officer who made the stop.

Shortly after the search a second officer arrived on the scene. This officer, Officer Storey, recognized Young from an earlier encounter when he had informed Young that the "throwing star," which Young wore about his neck, was considered a deadly weapon and could not be worn on city streets.

As a result of that occurrence Officer Storey recognized Young and approached

him, removing the "throwing star" from around his neck, and returning the chain to Young. The evidence is conflicting as to whether the "throwing star" was visible. In any event, Storey filed a complaint charging Young with unlawful use of weapons in violation of the City Ordinance.

The ordinance stipulates that an individual commits the crime of unlawful use of weapons if such person "... carries a knife, nunchucks, firearm, blackjack, explosive weapon or any other weapon readily capable of lethal use ..." Storey testified that the "throwing star" is an item used in the martial arts. Although the "star" is not before this court a picture of it in the record shows the "star" suspended by a chain around the neck of a young man. The "star," circular in appearance, has eight arms extending from it with points on the end. Storey testified that the arms, which contain razor blades, would stick into a person if thrown. No other evidence attesting to the lethal nature of the "star" was presented.

From the picture the "star" appears as any other piece of personal jewelry or ornamentation. It is impossible to determine its exact size but it would appear approximately two inches in circumference. By viewing the picture, it is impossible to see any razor blades, and no evidence was presented as to where or in what fashion the razor blades were attached.

The issue on appeal presents the question of whether or not the evidence is sufficient to prove that the "throwing star" is a weapon readily capable of lethal use as set forth in the statute. The parties agree that lethal has been defined as "... of, relating to, or causing death...." *Webster's Third New International Dictionary* 1297 (1971). It is not, however, necessary to answer that question. A determination can be made upon the rationale of *State v. Baldwin*, 571 S.W.2d 236 (Mo. banc 1978). In *Baldwin*, the court held that those weapons enumerated in the statute prohibiting the carrying of concealed weapons, were dangerous and deadly per

se. The statute examined by the court made punishable the carrying of " '... other similar deadly weapons.' " The court held that when a weapon is not specified in the statute "... the issue as to whether it is dangerous and deadly must be submitted to the jury unless the court can declare as a matter of law that under the evidence in the case the jury could not have concluded that the weapon was dangerous and deadly." *Id.* at 241.

The court further held that there are many items which are carried by persons for peaceful purposes which are not thought of as being dangerous and deadly weapons. The court noted such items as including pocket knives, hammers, screwdrivers, wrenches, cutting tools and letter openers. The court also noted that other items such as butcher knives, steak knives, and ice picks are useful utensils which are ordinarily used for peaceful purposes but can become dangerous when used or carried for uses such as weapons. The court further stated:

> The determination of whether in a particular case such instrument is dangerous and deadly would depend on a variety of factors—the nature of the instrument itself, the circumstances under which it is carried, including time, place, and situation in which defendant is found in possession, the manner in which it is carried, the particular person carrying it, and perhaps other factors such as possible peaceful uses therefor which the possessor might have. *Id.* at 241.

■ Applying the rationale of *Baldwin* to the facts in this case it is apparent that a "throwing star" is not cited in the ordinance so it must fall within the category of "... any other weapon readily capable of lethal use...." Hence, the "throwing star" is not a lethal weapon per se. Consequently, it becomes a question of fact whether or not the "throwing star" is a lethal weapon under the test set out in *Baldwin*.

■ The first factor involved is the nature of the instrument itself. For the purpose of this opinion it can be conceded that the "star" was capable of inflicting serious physical harm and perhaps could even be used to inflict fatal injury. The evidence

was far from satisfactory on this point but for the purpose of this opinion only that fact will be considered as established. The other factors set forth in *Baldwin* including the peaceful uses to which the possessor of the item may put it, lead to the conclusion that the "throwing star" was not shown to be a lethal weapon under the circumstances of this case.

It is admitted that the "throwing star" was worn around Young's neck on a silver chain. Further, there is no evidence to indicate that Young had used the "star" in any manner as a weapon at any time including the day on which he was arrested. Although the car in which he was riding was stopped in connection with suspicion surrounding an armed robbery, there was no evidence to indicate that Young or any of his companions were involved in an armed robbery. The only evidence is that Young was wearing the "star" as an ornament around his neck at the time of his arrest and that Officer Storey had observed him wearing it in a similar fashion some weeks prior to his arrest.

All of the factors which are to be considered in *Baldwin*, except the matter of the instrument itself, show that the "throwing star" was not a lethal weapon as worn by Young at the time of his arrest. Young testified that he purchased the "star" in Independence during the Santa-Cali-Gon days observance and that he had worn it as an item of personal jewelry for about seven years.

Even conceding that the "star" could be used in a lethal manner, the circumstances in this case show that the "star" was not a lethal weapon while it was being utilized as an item of personal jewelry.

Finding the evidence insufficient to allow the fact finder to hold that the "star" was a lethal weapon while being worn as an item of personal jewelry, the judgement is reversed and Young is ordered discharged.

All concur.