**STATE of Missouri, Respondent,**

v.

**Leon WILEY, Appellant.**

**No. WD 59971.**

Missouri Court of Appeals,
Western District.

Aug. 6, 2002.

Susan L. Hogan, Appellate Defender, Kansas City, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Anne E. Edgington, Assistant Attorney General, Jefferson City, for respondent.

Before ULRICH, P.J., BRECKENRIDGE and HARDWICK, JJ.

PATRICIA BRECKENRIDGE, Judge.

A jury convicted Mr. Wiley of second degree trafficking for possessing between two and six grams of a substance containing cocaine base, in violation of § 195.223.3(1), RSMo 2000.[1]  He was sen-

cated.

1. All statutory references are to Revised Statutes of Missouri 2000, unless otherwise indi-

tenced to ten years imprisonment. On appeal, Mr. Wiley claims that the State did not prove his guilt beyond a reasonable doubt because the State's evidence did not establish that he knew or was aware that he was in possession of two or more grams of a substance containing cocaine base. He contends that the evidence demonstrated that he knew he was in possession of only 1.6 grams of a substance containing cocaine base and not two or more grams of cocaine base. Because § 195.223.3 requires knowledge as to only the presence and nature of a controlled substance, and not its specific weight, the judgment of the trial court is affirmed.

### Factual and Procedural Background

■ On appeal from a criminal conviction, this court reviews the facts and any inferences therefrom in the light most favorable to the jury's verdict. *State v. Mann,* 23 S.W.3d 824, 827 (Mo.App.2000). Under that standard, the evidence is that on April 30, 1999, police officers responded to a domestic disturbance call at a residence in Kansas City. When the officers arrived at the residence, Molly Miller met them on the front porch. Ms. Miller stated that she and Mr. Wiley were moving, and they got into an argument. Ms. Miller had called the police because she feared for her safety. She told the officers that Mr. Wiley was inside the house.

The officers went inside the house and found Mr. Wiley sitting on the couch. When the officers asked Mr. Wiley about the domestic disturbance, he denied that any argument had taken place. The officers then did a computer check for outstanding warrants on Mr. Wiley. The check revealed that there were outstanding warrants for him, so the officers placed Mr. Wiley under arrest and searched him. In Mr. Wiley's front pocket, the officers found a baggie with what the officers believed was a rock of crack cocaine. Subsequent testing of the rock revealed that it contained cocaine base and weighed 2.57 grams.

The State charged Mr. Wiley with second degree trafficking, under § 195.223.3(1), for possessing more than two but less than six grams of a substance containing cocaine base. At trial, Mr. Wiley testified in his own defense. He admitted that he possessed crack cocaine, but he claimed that the rock of crack cocaine weighed only 1.6 grams when he bought it. In addition, he testified that, earlier in the day, he smoked some of the crack. Therefore, Mr. Wiley concluded that the rock of crack cocaine could not have weighed 2.57 grams. The jury found Mr. Wiley guilty of second degree trafficking and he was sentenced to ten years imprisonment. This appeal followed.

### Standard of Review

■ In determining whether sufficient evidence supports the verdict, this court must determine whether substantial evidence exists from which a reasonable juror might have found the defendant guilty beyond a reasonable doubt. *State v. Grim,* 854 S.W.2d 403, 405 (Mo. banc 1993). This court accepts as true all the evidence favorable to the State, including all favorable inferences drawn from the evidence, and disregards all evidence and inferences to the contrary. *Id.* "Substantial evidence consists of evidence 'from which the trier of fact could reasonably find the issue in harmony with the verdict.'" *Mann,* 23 S.W.3d at 829 (quoting *State v. Gomez,* 863 S.W.2d 652, 655 (Mo. App.1993)). Resolution of this case also involves statutory interpretation. The interpretation of a statute is a question of

law, which this court reviews de novo. *In re T.A.S.*, 62 S.W.3d 650, 658 (Mo.App. 2001).

### Knowledge of Weight of Controlled Substance Not Element of Offense

■ In his sole point on appeal, Mr. Wiley claims that the State did not prove that he was guilty beyond a reasonable doubt because the State's evidence did not establish that he knew or was aware that he was in possession of more than two grams of a substance containing cocaine base. Mr. Wiley argues that § 195.223.3 requires that the defendant have knowledge of the weight of the controlled substance and not just of its illegal nature. Mr. Wiley contends that the knowledge requirement should apply to the weight of the controlled substance, just as it does to the "presence and nature" of the controlled substance. Additionally, Mr. Wiley asserts that not requiring knowledge as to the weight of the controlled substance would lead to an absurd result because different elements of the offense would have different culpable mental states.

Section 195.223.3 states in pertinent part, "A person commits the crime of trafficking drugs in the second degree if . . . he possesses or has under his control . . . more than two grams of a mixture or substance described in subsection 2 of this section which contains cocaine base." Subparagraph (1) of subsection 3 provides that "[i]f the quantity involved is more than two grams but less than six grams the person shall be guilty of a class B felony." Mr. Wiley was charged and found guilty of the class B felony because the amount of the controlled substance seized from him was greater than two but less than six grams.

With regard to the culpable mental state required for a conviction for trafficking under § 195.223.3, there is no mental state articulated in the language of the statute for any element of the crime. The Supreme Court in *State v. Carson*, 941 S.W.2d 518, 520–22 (Mo. banc 1997), considered the culpable mental state for the crime of second degree trafficking, and determined that the required mental state was "knowledge," which they applied from the definition of the element of possession. *See also State v. LaFlamme*, 869 S.W.2d 183, 186 (Mo.App.1993). Section 195.010(32) of the Comprehensive Drug Control Act defines "possessed" or "possessing a controlled substance":

[A] person, with knowledge of the presence and nature of a substance, has actual or constructive possession of the substance. A person has actual possession if he has the substance on his person or within easy reach and convenient control. A person who, although not in actual possession, has the power and the intention at a given time to exercise dominion or control over the substance either directly or through another person or persons is in constructive possession of it. Possession may also be sole or joint. If one person alone has possession of a substance possession is sole. If two or more persons share possession of a substance, possession is joint.

The defendant in *Carson* was charged "with committing trafficking in the second degree three ways: (1) possessing, (2) having under control, or (3) bringing into this state," and he was convicted of bringing cocaine into the state. 941 S.W.2d at 521. Mr. Carson claimed on appeal that the trial court erred because the verdict director did not require the jury to find the mental element of "knowingly." *Id.* at 520. In reversing his conviction, the Supreme Court found that "bringing into the state" overlaps with "possessing," and that "the more logical analysis of trafficking in

the second degree is to conclude that overlapping versions of the same crime have the same culpable mental state—knowledge." *Id.* at 521.

In so ruling, the Supreme Court stated that it was fortunate that its analysis did not rely upon Chapter 562, "General Principles of Liability," which was "presently in shambles." It specifically noted the legislature's repeal of § 562.021.2, RSMo 1986. *Id.* at 522. Section 562.021.2, RSMo 1986, was the statute that established the mental state required for those crimes where no culpable mental state was specifically set forth. *Id.* The Supreme Court further noted that "[b]y its repeal of § 562.021.2, the General Assembly has made the required culpable mental state unclear for many crimes within the Criminal Code, and it should promptly address this confusion." *Id.*

After the *Carson* decision, the legislature reenacted § Section 562.021. Subsection 3 of the reenacted statute provides a culpable mental state for any crime where no culpable mental state is specifically set forth. Section 562.021.3. More importantly for this case, subsection 2 of § 562.021 provides that it is permissible for a culpable mental state to apply to less than all elements of an offense. Section 562.021.2 states:

> If the definition of an offense prescribes a culpable mental state with regard to a particular element or elements of that offense, the prescribed culpable mental state shall be required only as to specified element or elements, and a culpable mental state shall not be required as to any other element of the offense.

■ While Section 562.021.2 would seem to resolve the issue raised by Mr. Wiley, the statute is applicable to this case only if there is no mental standard in the applicable drug law, because the Criminal Code, Chapters 556–600, does not apply if an issue is governed by the drug laws. *Carson*, 941 S.W.2d at 522. The question, then, is whether § 195.223.3 provides for a culpable mental state for the element of the weight of the controlled substance, so that § 562.021.2 would be inapplicable. In resolving this issue, we consider the language of § 195.223.3 to determine if the culpable mental state of "knowingly" is required only as to a specified element or elements of the offense, or whether it applies to all elements of the offense as argued by Mr. Wiley. " 'The primary rule of statutory interpretation requires this Court to ascertain the intent of the legislature by considering the language used while giving the words used in the statute their plain and ordinary meaning.' " *Burns v. Elk River Ambulance, Inc.,* 55 S.W.3d 466, 484 (Mo.App.2001) (quoting *Benoit v. Mo. Highway & Transp. Comm'n,* 33 S.W.3d 663, 673 (Mo.App. 2000)).

■ As noted previously, Mr. Wiley was charged and convicted of the crime of trafficking drugs, specifically cocaine base, in the second degree under § 195.223.3. Under the relevant portions of that subsection of the statute, a person commits the class B felony of trafficking in the second degree if the person "possesses more than two grams [but less than six grams] of a mixture or substance described in subsection 2 of this section which contains cocaine base." The mental state of "knowingly" is found in the definition of "possessed" in § 195.010(32). The definition of "possessed" or "possessing a controlled substance" requires that the person have knowledge of the presence and nature of the controlled substance. Therefore, "to support a conviction for trafficking in the second degree, the [s]tate must prove beyond a reasonable doubt that the defendant had conscious and intentional[] possession of the sub-

stance, either actual or constructive, and that the defendant was aware of the presence and nature of the substance." *State v. Poindexter*, 941 S.W.2d 533, 536 (Mo. App.1997).

There is no language in the definition of "possessed" or in § 195.223.3, which establishes the elements of the offense of trafficking a substance containing cocaine base, which requires that the person have knowledge of the weight of the substance containing cocaine base. Thus, the plain and ordinary meaning of § 195.223.3 does not prescribe a culpable mental state to the element of the weight of the substance. And contrary to the circumstances of *Carson*, where there was an overlapping of the different methods of committing the offense of trafficking in the second degree, there is no overlapping of the element of the weight of the controlled substance with the element of possession to justify application of the culpable mental state of "knowingly" to the weight element. The conclusion from the plain and ordinary language of § 195.223.3 is that the culpable mental state of "knowingly" is not applicable to the element of the weight of the controlled substance.

Because there are no provisions within the drug laws that address whether a mental state can be required only as to a specified element or elements, the provisions of the Criminal Code would govern. Under the provisions of § 562.021.2, the legislature made clear its intention that a prescribed mental state may be required only as to a specified element or elements and that the culpable mental state shall not be required as to any other element of the offense. Accordingly, the State does not have to prove that the defendant had knowledge of the weight of the substance to support a conviction of second degree trafficking. The State presented sufficient evidence from which a reasonable juror could have found Mr. Wiley guilty of trafficking in the second degree beyond a reasonable doubt. This point is denied.

The judgment of the trial court is affirmed.

All concur.