STATE of Missouri, Plaintiff–
Respondent,

v.

Douglas R. WIRTH, Defendant–
Appellant.

No. 27145.

Missouri Court of Appeals,
Southern District,
Division One.

March 30, 2006.

Teresa Grantham, Springfield, for appellant.

Darrell L. Moore, Prosecuting Atty., John Tyrrell, Asst. Prosecuting Atty., Springfield, for respondent.

PARRISH, J.

*AFFIRMED*

Douglas R. Wirth (defendant) was charged with driving while intoxicated. § 577.010.[1] Following trial before the circuit court without a jury, defendant was found guilty. A fine and jail sentence were imposed. Execution of the jail sentence was suspended and defendant was placed on probation. This court affirms.

The same standard of review applies to criminal cases tried by the court without a jury as in cases tried by a jury. *State v. Hudson,* 154 S.W.3d 426, 429 (Mo. App.2005).

> "We accept as true all evidence tending to prove guilt together with all reasonable inferences that support the finding, and all contrary evidence and inferences are ignored. [*State v. Pollard,* 941 S.W.2d 831, 833 (Mo.App.1997)]. We determine whether there was sufficient evidence from which a trier of fact could have found the defendant guilty beyond a reasonable doubt. *State v. Phillips,* 940 S.W.2d 512, 520 (Mo.banc 1997). Moreover, this Court does not weigh the evidence or determine the reliability or

---

1. References to statutes are to RSMo 2000.

credibility of witnesses. *State v. Frappier,* 941 S.W.2d 859, 861 (Mo.App. 1997)."

*State v. Mayfield,* 83 S.W.3d 103, 104–05 (Mo.App.2002), *quoting State v. Matney,* 979 S.W.2d 225, 226 (Mo.App.1998).

Deputy Sheriff Robert Pounds was traveling west on Kearney Street in Springfield, Missouri, during the early morning hours of October 31, 2004. Officer Pounds observed an SUV traveling east on Kearney at a slow speed with its hazard lights activated. The SUV was driving alongside a female who was proceeding along an adjoining walkway. The driver of the SUV was conversing with the pedestrian through the vehicle's side window. Officer Pounds activated his traffic lights and stopped the SUV.

The SUV was driven by defendant. When Officer Pounds approached the vehicle, he noticed an odor of intoxicants about defendant's person. He administered field sobriety tests to defendant, after which he arrested defendant for driving while intoxicated.

Defendant was advised of his *Miranda*[2] rights and taken to the Greene County Justice Center where he was questioned. Defendant said he had been drinking beer. Officer Pounds administered a breath test to defendant. The test determined defendant's blood alcohol content to be .09 percent.

Defendant filed a motion to suppress evidence prior to trial that sought suppression of "any and all unlawfully obtained evidence including but not limited to the officer's testimonial evidence, physical evidence resulting from the search of defendant's vehicle and/or person and any oral or written statements made or physical acts alleged to have been undertaken by the defendant in the presence of any law enforcement officers or witnesses on or after October, 31, 2004." No action was taken on the motion to suppress prior to trial. At trial defendant requested that the motion "be taken up—... with the trial in this matter."

At the conclusion of the trial, the parties were allowed time in which to "present arguments and authorities." The state and defendant filed suggestions directed to the motion to suppress evidence. The trial court made no formal ruling on the motion. The trial court, however, entered judgment finding defendant guilty.

■ Defendant asserts one point on appeal. He contends "[t]he trial court erred in considering evidence obtained by Deputy Pounds ... because there was no reasonable suspicion to believe [defendant] was engaged in criminal activity that would justify investigative detention and any resulting evidence or statements obtained after this detention were fruits of the poisonous tree and must be suppressed."

Officer Pounds testified that he first saw defendant at "[a]pproximately 10—10 till 1:00 or 1:00, something like that." What caught the officer's attention was that defendant was driving slowly next to a female. He was asked if defendant was backing up traffic. Officer Pounds stated, "People had to go around him, yes." He observed others go around defendant's vehicle before stopping him.

Section 304.011.1 provides:

No person shall drive a motor vehicle at such a slow speed as to impede or block the normal and reasonable movement of traffic, except when reduced speed is necessary for safe operation or in compliance with law. Peace officers may enforce the provisions of this sec-

---

2. *See Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

tion by directions to drivers, and in the event of apparent willful disobedience to this provision and refusal to comply with direction of an officer in accordance herewith, the continued slow operation by a driver is a misdemeanor.

Officer Pounds acted within his duty as a peace officer when, after observing defendant driving slow enough to carry on a conversation with a pedestrian proceeding alongside the roadway and having seen one or more cars having to pass defendant in order to proceed down the roadway, he sought to give directions to defendant. The trial court, based on this evidence, could reasonably have found defendant's speed, under those circumstances, was so slow that it impeded traffic. *Lafferty v. Wattle*, 349 S.W.2d 519, 528 (Mo.App. 1961). Because Officer Pounds' actions in stopping the vehicle were lawful, whether there was reasonable suspicion to believe defendant was engaged in other activity that would justify the stop is moot.

■ After stopping defendant's vehicle, Officer Pounds determined defendant was intoxicated. "Probable cause to arrest for an alcohol-related traffic violation may be developed after a motorist is otherwise properly stopped." *State v. Huckin*, 847 S.W.2d 951, 954 (Mo.App.1993). The trial court, as trier of fact, had sufficient evidence to conclude defendant was lawfully stopped and to determine, beyond a reasonable doubt, that defendant was guilty. Defendant's point is denied. The judgment of conviction is affirmed.

RAHMEYER, P.J., and LYNCH, J., concur.