**STATE of Missouri, Respondent,**

v.

**Walter M. BROOKINS, Appellant.**

**No. ED 99422.**

Missouri Court of Appeals,
Eastern District,
Division One.

Oct. 1, 2013.

---

Samuel Buffaloe, Columbia, MO, for appellant.

Chris Koster, Karen L. Kramer, Jefferson City, MO, for respondent.

*OPINION*

CLIFFORD H. AHRENS, Judge.

Walter Brookins (Defendant) appeals the trial court's judgment and sentence after a bench trial on charges of second-degree assault and armed criminal action. We affirm.

The facts are undisputed. In sum, Defendant had an argument with his son's girlfriend (Victim) and cut her face with a 10–inch butcher knife from her own kitchen. The State charged Defendant with second-degree assault (§ 565.060) and armed criminal action (§ 571.015), alleging that Defendant committed the offenses by means of a "deadly weapon." Defendant waived his right to a jury trial and asserted that he acted in self-defense. The court found Defendant guilty of both counts and sentenced him as a prior and persistent offender to concurrent prison terms of 12 years and 10 years, respectively. On appeal, Defendant asserts that the evidence was insufficient to establish that the butcher knife was a deadly weapon as defined in the assault statute.

Defendant requests plain error review. Plain errors affecting substantial rights may be considered when the court finds that manifest injustice or miscarriage of justice has occurred. Rule 30.20. A conviction based on insufficient evidence results in manifest injustice. *State v. Smith,* 33 S.W.3d 648, 652 (Mo.App.2000). In determining whether there is sufficient evidence from which the fact-finder could have found the defendant guilty, we accept

all evidence and inferences supporting the judgment and disregard evidence to the contrary. *State v. Wiley,* 80 S.W.3d 509, 511 (Mo.App.2002). Statutory interpretation is a question of law, which this court reviews *de novo. Id.* at 511–512.

The statutes describing second-degree assault and armed criminal action require the State to prove that the offenses were committed with "a deadly weapon or dangerous instrument."[1] Those terms are defined as follows.

> Deadly weapon means any firearm, loaded or unloaded, or any weapon from which a shot, readily capable of producing death or serious physical injury, may be discharged, or a switchblade knife, dagger, billy, blackjack or metal knuckles.
>
> Dangerous instrument means any instrument, article or substance, which, under the circumstances in which it is used, is readily capable of causing death or other serious physical injury.

§ 556.061(10) and (9). Here, the State's charging document characterizes the butcher knife as a deadly weapon and omits the term "dangerous instrument." Defendant asserts that, because a butcher knife is not within the definition of deadly weapons, the State failed to prove an essential element of its case. In support of his position, Defendant cites *State v. Payne,* 250 S.W.3d 815 (Mo.App.2008). There, the defendant inflicted multiple puncture wounds upon the victim by stabbing him with an unidentified object. The weapon was never found, and the State produced no evidence describing it. As here, the State's charging document alleged the use of a deadly weapon and not a dangerous instrument. The court sought to determine whether the evidence was sufficient to prove that the mystery weapon was a dagger and concluded that the State failed to meet its burden in that regard. Notably, the court reasoned that a deadly weapon is inherently dangerous, whereas a dangerous instrument is "not necessarily designed for use as a weapon and may have a normal function under ordinary circumstances," but it "become[s] dangerous when used in a manner where the object is readily capable of causing death or serious injury." *Id.* at 819, citing *State v. Williams,* 126 S.W.3d 377, 384 (Mo. banc 2004) (holding that a vehicle can be a dangerous instrument).

While the *Payne* court reached the right result on the record before it, Defendant takes *Payne*'s reasoning to an illogical extreme in this case, essentially suggesting that a knife marketed for combat and purchased from a weapons vendor is a deadly weapon, while an identical product marketed for kitchen use and purchased in a department store is merely a dangerous instrument. We do not interpret *Payne* to prescribe such an absurd result. A 10-inch butcher knife *is* inherently dangerous. Setting aside Defendant's distinction without difference, *Payne* otherwise supports that a knife similar to the one used by Defendant could be deemed a dagger. The court surveyed various dictionary definitions of "dagger" and noted that "several attributes repeatedly appear, including a fixed or locking blade, with sharpened edges, shorter than a sword and longer than an ordinary pocketknife, ranging between 4 and 25 inches, hilt [handled], and

---

1. Section 565.060 states in relevant part: "a person commits the crime of assault in the second degree if he ... attempts to cause or knowingly causes physical injury to another person by means of a deadly weapon or dangerous instrument."

Section 571.015 states in part: "any person who commits any felony under the laws of this state by, with, or through the use, assistance, or aid of a dangerous instrument or deadly weapon is also guilty of the crime of armed criminal action ..."

designed with the intent to be used primarily for stabbing during combat." *Id.* at 820. Save for the intended use distinction, the knife wielded by Defendant here bore such attributes. Finally, *Payne* cautioned that "not each of these characteristics must be present for a submissible case, and a court ought not lightly take the issue out of the jury's prerogative." *Id.* at 820–821. We accord that same deference to the trial court as fact-finder in the present case. In short, we are not persuaded that *Payne* mandates reversal.

Rather, Missouri Supreme Court authority on the issue of knives as deadly weapons lies in *State v. Martin*, 633 S.W.2d 80 (Mo.1982). There, the Court examined whether a seven- to eight-inch knife with a four- to five-inch blade could be considered a dagger and hence a deadly weapon. In holding in the affirmative, the Court observed that § 571.010.9, while not directly applicable, nonetheless illuminates legislative intent and defines "knife" as "any, dagger, dirk, stiletto or bladed hand instrument that is readily capable of inflicting serious physical injury or death by cutting or stabbing a person." *Id.* at 81–82. Thus, the Court reasoned:

> It is very clear that the legislature has now stated that "knife" under some circumstances and for some purposes means "dagger." Logic is repelled by a contention that a knife, seven to eight inches long with a four to five inch blade, can never be considered to be a dagger. Certainly some knives under some circumstances may be used as and may reasonably be considered to be daggers and deadly weapons.

*Id.* at 82.

More recently, the Southern District examined *Payne* and *Martin* in *State v. Harrell*, 342 S.W.3d 908 (Mo.App.2011). There, the object in question was a 22–inch metal replica sword, described as a child's toy or carnival prize. As here, the defendant argued that the sword was not a deadly weapon because it was not intended to be used for combat. The court rejected that theory, opining, "Defendant's argument that the replica sword was not designed or intended 'to be used for stabbing during combat' or as a weapon misses the mark.... Whether an item constitutes a deadly weapon does not depend upon either its intended or actual use by the defendant." *Harrell* at 914–15. Rather, "a deadly weapon is inherently dangerous." *Id.* at 915 (citing *Payne* at 819). "Whatever one chooses to call it, [the sword] meets the *Martin* description of 'a short weapon with a sharp point used for stabbing' and satisfies most of the characteristics of a dagger set forth in *Payne*." *Harrell* at 914.

Guided by *Martin* and *Harrell*, and by *Payne* to a logical degree on these facts, we conclude that the evidence was sufficient for the trial court to find that Victim's butcher knife was a deadly weapon. Thus, we find no error, plain or otherwise. The trial court's judgment is affirmed.

ROY A. RICHTER, P.J., and GLENN A. NORTON, J., concur.