STATE of Missouri, Respondent,

v.

Norman W. MATTOX, Appellant.

No. 47284.

Missouri Court of Appeals,
Eastern District, Division Three.

Feb. 26, 1985.

Motion For Rehearing and/or Transfer to Supreme Court Denied April 9, 1985.

Jay R. Burns, St. Louis, for appellant.

John Munson Morris, Asst. Atty. Gen., Jefferson City, for respondent.

CRANDALL, Judge.

Defendant Norman W. Mattox appeals from a conviction in a jury trial of carrying a concealed weapon. § 571.115, RSMo (1978) (repealed 1981), (now § 571.030, RSMo (Supp.1984)). He was sentenced to six months in jail and fined $2000. Execution of the jail term was suspended and the defendant was placed on three years' probation.

Defendant alleges five points on appeal: (1) the trial court's failure to instruct the jury on the intoxication defense; (2) failure of the State to make a submissible case; (3) improper closing argument by the State

alluding to an offense not charged; (4) the trial court's failure to instruct the jury on the exception to the crime of carrying a concealed weapon for those traveling on a continuous journey peaceably through the state; and (5) the admission of State's evidence of offenses not charged. We affirm.

The record viewed in the light most favorable to the verdict disclosed that on the evening of August 21, 1981, a Bridgeton, Missouri police officer, Michael Push, observed a pickup truck being driven carelessly and at high speed by the defendant. Officer Push used his emergency lights and siren to get the attention of the defendant, who pulled the truck to the shoulder of the road. Another officer, Steven Zellner, arrived on the scene as Officer Push approached the pickup. The defendant appeared intoxicated. His clothes were disheveled, he smelled of alcohol, and was unsteady on his feet. The defendant met Officer Push at the rear of the pickup, and Officer Push asked to see a driver's license. After fumbling for a time, the defendant walked backward to the driver's side of the truck and when he got near the seat, lurched forward toward a shirt on the seat. Officer Push grabbed the defendant, and with the help of Officer Zellner, subdued him.

A loaded .44 caliber magnum revolver was found on the seat under the shirt. Officer Push testified he could not see the gun but could see the shirt prior to subduing the defendant.

Prior to assisting in subduing the defendant, Officer Zellner had looked inside the cab of the truck from the passenger side, using a flashlight. He testified that he could only see a shirt on the seat and did not see a gun at that time.

■ Defendant's first point alleges error in the trial court's refusal to instruct the jury on the intoxication defense. MAI–CR2d 3.30.1.[1] "To support an instruction on this defense, evidence must be presented that tends to show defendant was so

---

1. As of October 1, 1984, the defense of *voluntary* intoxication may no longer be used to negate a required mental state. § 562.076, RSMo (Supp. 1984).

intoxicated that he did not know what he was doing.... It is not every degree of intoxication that is a defense." *State v. Bienkowski*, 624 S.W.2d 107, 108 (Mo.App. 1981). " '[T]he condition of intoxication must be so extreme as to suspend all reason.' " *State v. Cole*, 662 S.W.2d 297, 301 (Mo.App.1983), *citing People v. Hayes*, 37 Ill.App.3d 772, 347 N.E.2d 327, 329 (1976). There must be substantial evidence of severe intoxication before an instruction can be given to the jury. *Bienkowski*, 624 S.W.2d at 108; *see also State v. Urhahn*, 621 S.W.2d 928, 933 (Mo.App.1981).

In two recent cases, this court affirmed trial court decisions refusing to submit voluntary intoxication instructions. In *State v. ¯Smith*, 684 S.W.2d 519 (Mo.App. 1984), this court found that because the defendant was able to testify in detail about his actions at the time of the crime, he was not entitled to submission of the instruction. The defendant had "testified too much," the court said, citing *Bienkowski*, 624 S.W.2d at 108.

In *State v. Madison*, 684 S.W.2d 532 (Mo.App.E.D.1984), this court found the defendant's confessions indicated he was aware of his actions on the night the crime occurred, and that the trial court did not err in refusing to submit the intoxication defense instruction.

▮ In the present case, the defendant testified in detail about the night he was arrested. He testified as to times and distances. He detailed his actions prior to and during his arrest. The defendant produced no evidence that he was so intoxicated he did not know what he was doing. Defendant's first point is denied.

Defendant's second point claims the State failed to make a submissible case of carrying a concealed weapon. " 'A *prima facie* case [of carrying a concealed weapon] is made when the State's evidence or reasonable inferences therefrom demonstrate a) the carrying of a dangerous or deadly weapon, b) concealed on or about the person, c) along with an intent to so conceal.' " *State v. Shaw*, 647 S.W.2d 612, 613 (Mo.

App.1983), *citing State v. Achter*, 514 S.W.2d 825, 827 (Mo.App.1974).

Defendant claims the latter two elements were not proven. He claims first that there was a possibility the gun was partially exposed in the truck when the officers approached; and consequently, since a partially covered weapon is not prohibited by § 571.115 (now § 571.030), *State v. Payne*, 654 S.W.2d 139, 141 (Mo.App.1983), that the State failed to make a submissible case. Defendant relies on testimony by Officer Push that it was possible the handgun may have been partially exposed, and that he did not have a clear view of the seat.

Reviewing the issue of submissibility, we must accept as true the evidence most favorable to the State and all favorable inferences therefrom and disregard all evidence to the contrary. *State v. Patterson*, 624 S.W.2d 11, 12 (Mo.1981). Even considering Officer Push's cited testimony on this point, the State met the requirement of demonstrating concealment.

[G]enerally to meet the test of concealment the gun must not be discernible by ordinary observation.... A weapon is not concealed simply because it cannot be seen from a single vantage point if it is clearly visible from other positions.... If it can only be seen from one particular vantage point, however, it is considered concealed. *State v. Cole*, 662 S.W.2d at 300.

▮ Here, Officer Zellner had looked into the cab of the truck, using his flashlight, from the passenger side. He could see the shirt but not the gun. Officer Push testified he could see into the cab from the driver's side, being able to see the "floorboard area and driver's side, the portion of the bench style seat." He could not see a gun. He had seen the shirt in the truck prior to the scuffle with the defendant. The first time he could see the gun was after the shirt was moved. While he testified that he did not have a clear view of the entire seat area, this was because the defendant had walked backward to the cab, blocking Officer Push's view. Portions of the defendant's body can be considered when determining whether a weapon is concealed. *State v. Murphy*, 610 S.W.2d

382, 384 (Mo.App.1980). In addition "[a] police officer's testimony that he did not see a pistol despite the opportunity to view the accused under conditions likely to cause a police officer to be particularly observant for weapons is entitled to some consideration both at the trial and appellate levels." *Id.* The officers testified that they were fearful of a weapon being present. The State made a submissible case on the concealment issue.

Defendant also claims there was no evidence of the intent to conceal. "When the evidence proves concealment ... an inference of intent to conceal arises from the act of concealment." *State v. Jackson,* 645 S.W.2d 725, 727 (Mo.App.1982). The evidence here did prove concealment.

However, the defendant seems to suggest the shirt was covering the gun by accident—that perhaps when the defendant pulled his truck to the shoulder, the truck hit a curb, knocking the gun off the dashboard where he says it was placed, onto the seat, and that the same jolt from hitting the curb knocked the shirt onto the gun. The jury heard evidence to show this was not what happened. The defendant dove for the shirt when he neared the cab of the truck. He knew the gun was there under the shirt. It was reasonable for the jury to infer he had placed the shirt over the gun, with the intent to conceal the weapon. Defendant's second point is denied.

Defendant's third and fourth points are not preserved for appellate review. We have reviewed the points for plain error, Rule 30.20, and find no error, plain or otherwise. Defendant's third and fourth points are denied.

Defendant's final point claims error in allowing the State to elicit testimony that the defendant had placed the same gun under the seat of the truck earlier in the evening and to present evidence that defendant possessed marijuana at the time he was stopped.

The testimony regarding the defendant placing the gun under the seat earlier that evening was first brought out during direct examination of the defendant. The defendant cannot now claim error. *State v.*

*Brown,* 607 S.W.2d 881, 886 (Mo.App.1980); *State v. Leonard,* 606 S.W.2d 403, 410 (Mo. App.1980).

Regarding the marijuana, the defendant cites *State v. Cox,* 508 S.W.2d 716, 722 (Mo.App.1974), for the proposition that evidence of another crime cannot be admitted to prove the guilt of a defendant unless the evidence has a tendency to directly establish guilt of the charge for which the defendant is on trial. However, here the defendant opened the door for evidence of the marijuana when defense counsel offered a list of items found in the truck in an effort to show defendant was going hunting. The trial court properly held that where a portion of the list was offered by the defendant, the State could offer the remainder of the list to rebut the theory asserted by the defendant. *State v. Tallie,* 380 S.W.2d 425, 432 (Mo.1964); *State v. Odom,* 353 S.W.2d 708, 711 (Mo.1962). *See also State v. Jackson,* 664 S.W.2d 583 (Mo. App.1984), and *State v. Jones,* 646 S.W.2d 120 (Mo.App.1983). Defendant's fifth point is denied.

The judgment of the trial court is affirmed.

DOWD, P.J., and CRIST, J., concur.