**STATE of Missouri, Respondent,**

v.

**Thomas H. STRAUB, Appellant.**

**No. 51033.**

Missouri Court of Appeals,
Eastern District,
Division Four.

July 22, 1986.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 27, 1986.

Application to Transfer Denied
Oct. 14, 1986.

Henry Robertson, Office of the Public Defender, St. Louis, for appellant.

John M. Morris, III, Office of the Atty. Gen., Jefferson City, for respondent.

CRANDALL, Presiding Judge.

Defendant, Thomas Straub, appeals from his conviction, after a jury trial, of carrying a concealed weapon. He was sentenced as a prior offender to a term of imprisonment of three years. We affirm.

Defendant's sole point on appeal challenges the submissibility of the State's case. He contends that the trial court erred in overruling his motion for judgment of acquittal because the State failed to prove that the weapon which he carried was concealed.

At 1:45 a.m., on October 24, 1984, two licensed security guards were on foot patrol proceeding around a corner of a building. The officers were being more careful and more observant than usual because they had heard a gunshot earlier in the evening. Officer Wheeler was the first to round the corner when he saw the defendant walking towards him some 8 to 10 feet away. Officer Wheeler saw the defendant stoop down and drop a white paper bag from his left hand. A street lamp was to the right of the defendant and the white bag to his left. The defendant continued to walk until Officer Walker stopped him for questioning. Officer Wheeler then walked towards the white bag. When he was two feet from the bag he noticed a portion of the butt of a pistol protruding from the bag. Officer Wheeler removed the gun from the bag and found three rounds of ammunition; two live and one spent. Officer Wheeler next took the gun over to Officer Walker who observed the gun for the first time. The officers then arrested the defendant.

Generally, "[A] prima facie case [of carrying a concealed weapon] is made when the state's evidence or reasonable inferences therefrom demonstrate a) the carrying of a dangerous or deadly weapon, b) concealed on or about the person, c) along with an intent to conceal." *State v. Mattox*, 689 S.W.2d 93, 95 (Mo.App.1985). The test of concealment is that "... the gun must not be discernable by ordinary observation .... A weapon is not concealed simply because it cannot be seen from a single vantage point if it is clearly visible from other positions.... If it can only be seen from one particular vantage point, however, it is considered concealed." *Id.* at 95 (quoting *State v. Cole*, 662 S.W.2d 297, 300 (Mo.App. 1983)).

Here, the evidence showed that the gun was not discernable by either officer when they first saw the defendant. Officer Wheeler testified that he saw a white bag in defendant's hand, but that he did not see a gun. He could only see the gun when he was within two feet of the bag. The area was well lit so the gun should have been visible to the officers if it was in clear view. Also, consideration should be given to the fact that the officers were being more attentive because of the earlier gunshot. "A police officer's testimony that he did not see a pistol despite the opportunity to view the accused under conditions likely to cause a police officer to be particularly observant for weapons is entitled to some consideration both at the trial and appellate levels." *State v. Murphy*, 610 S.W.2d 382, 384 (Mo.App.1980).

In *Murphy*, an officer, despite an increased awareness of the possibility of a weapon, did not see the handle of a gun protruding from the defendant's pocket until after he had further investigated. The court held that the element of concealment was established by the evidence. *Id.* at 385. Likewise, in the present case, the gun was only discovered after Officer Wheeler made a concerted effort to further investigate. The circumstances were such that the officers would have been able to see the gun if it had not been concealed by the defendant. Thus, the evidence is sufficient to support the finding that the weapon carried by the defendant was concealed. Defendant's point is denied.

The judgment of the trial court is affirmed.

KELLY and PUDLOWSKI, JJ., concur.