**STATE of Missouri, Respondent,**

v.

**Danny DOWDY, Appellant.**

**No. WD 37998.**

Missouri Court of Appeals, Western District.

Nov. 25, 1986.

Motion for Rehearing and/or Transfer to Supreme Court Denied Feb. 3, 1987.

---

Susan L. Hogan, Columbia, for appellant.

William L. Webster, Atty. Gen., Philip M. Koppe, Asst. Atty. Gen., Kansas City, for respondent.

Before PRITCHARD, P.J., and KENNEDY and LOWENSTEIN, JJ.

PER CURIAM:

The appellant, Danny Dowdy, was jury convicted of unlawful use of a weapon in violation of § 571.030, RSMo Supp.1984. Punishment was set at 265 days, the time he had served. Examination of his sole point, whether the state made a case of carrying a concealed knife, is limited to plain error review under Rule 30.20.

The appellant had broken four windows on Ms. Henry's house, she called the Jefferson City police. Three police officers arrived at the scene. The appellant was stopped as he walked down a road behind Ms. Henry's residence. Initially, appellant cooperated with the police and agreed to answer their questions. However, when he confronted Ms. Henry, the appellant became irate and belligerent. Appellant threatened to "kill that bitch" and stated that "if one of us does not go to jail, she's going to be dead in the morning." Supposedly he had earlier threatened Ms. Henry and her daughter resulting in Ms. Henry obtaining a peace bond. He admitted breaking the windows, but said she had written checks on his account.

The appellant was arrested for property destruction. The officers did not observe any weapons on him.

At the police station, the appellant was asked to empty his pockets. From his left rear pocket, he removed a paring knife which had a sharp point. The knife measured six and three-fourths inches in length, including a three and one-eighth inch blade. One officer testified that he had seen people stabbed and seriously injured with knives similar to appellant's.

Dowdy admitted to having the knife in his pocket but explained he had used it for cutting cheese and had planned to use it to adjust the carburetor on Ms. Henry's car.

The appellant argues that the trial court committed plain error in accepting the jury's guilty verdict because the state failed to present a prima facie case by showing (1) that appellant knowingly carried a knife concealed on his person and (2) that the knife in evidence constituted a "knife" within the statutory definition.

Section 571.030.1 provides in pertinent part that:

A person commits the crime of unlawful use of weapons if he knowingly:

(1) Carries concealed upon or about his person a knife, a firearm, a blackjack or any other weapon readily capable of lethal use.

The state makes a prima facie case of unlawful use of a weapon when the evidence and reasonable inferences therefrom demonstrate that (1) the defendant carried a knife on or about his person and (2) the defendant knowingly carried the knife so that it was concealed from ordinary observation. MAI–Cr2d 31.20.

Appellant first contends that the state insufficiently proved that he "knowingly" carried a knife concealed on his person. He says the state failed to prove that he intended to carry the knife *as a weapon,* or was aware that he carried a *weapon* in his pocket. (Emphasis added.)

 The appellant misstates the state's burden. The purpose of a concealed weapons statute is to break down the pernicious and dangerous habit of carrying concealed weapons to be used if it should become necessary; and to check and prevent, if possible, a practice which leads to woundings and injuries. *State v. Jordan,* 495 S.W.2d 717, 720 (Mo.App.1973). Section 571.030.1(1) plainly lists "a knife" among the prohibited weapons. Appellant acknowledged that he carried the knife presented as State's Exhibit 1. The state was not obligated to demonstrate that appellant *knew* that carrying the knife concealed in his pocket constituted a crime. Section 562.021.4 RSMo 1978. The state was required to show that the appellant knowingly carried the knife so that it was concealed. A person acts "knowingly" when he acts with an awareness of the nature of his conduct. Section 562.016.3(1) RSMo 1978. In acting "knowingly" a person is aware that he is engaging in a given conduct which happens to amount to a crime. 1 *C. Torcia, Wharton's Criminal Law* § 27 (14th ed. 1978). As interpreted under predecessor statutes, § 564.610 RSMo 1969 transferred to § 571.115 RSMo 1978 (repealed 1982), an inference of intent to conceal arises from a demonstrated concealment. State v. Lewis, 491 S.W.2d 326, 327 (Mo.1973); *State v. Mattox,* 689 S.W.2d 93, 95 (Mo.App.1985). The test of concealment is whether the weapon is carried so as not to be discernible by ordinary observation. *Id.* at 95; *Jordan,* 495 S.W.2d at 720.

 In the present case, the appellant admitted that he put the knife in his back pocket. Three police officers testified that they carefully observed him and had not detected the knife. Further, the state was not obliged to present direct evidence Dowdy intended to use the knife on Ms. Henry.

A submissible case on the issue of appellant's knowingly carrying a concealed knife.

Appellant next contends that the paring knife he carried was not a "knife" as defined by statute.

Section 571.010(9) provides the following definition:

"Knife" means any dagger, dirk, stiletto, or bladed hand instrument that is readily capable of inflicting serious physical injury or death by cutting or stabbing a person. For purposes of this chapter, "knife" does not include any ordinary pocket knife with no blade more than four inches in length.

Contending that his paring knife does not fit within the above legal definition, appellant maintains that there was no evidence that he carried the knife as a weapon, threatened anyone with the knife, or flourished the knife. He characterizes his using the knife for car repairs as a "peaceful purpose." In this regard, appellant relies on *State v. Baldwin,* 571 S.W.2d 236 (Mo. banc 1978). In *Baldwin,* the defendant had a concealed steak knife in his pocket when arrested for rape and was subsequently charged with carrying a concealed weapon under § 564.610 RSMo 1969. According to the Supreme Court, whether an unenumerated instrument constituted a dangerous and deadly weapon depended on a variety of factors, including the nature of the instrument, the surrounding circumstances, the person carrying the instrument, and possible peaceful use of the instrument. *Id.* at 241. Appellant's reliance on the test in *Baldwin* is unfounded. That case involved the interpretation of former § 564.610 which prohibited the carrying and concealing of certain enumerated weapons and "other similar deadly weapons." The Supreme Court formulated the *Baldwin* test to determine whether the steak knife constituted a "similar deadly weapon." In contrast, § 571.030 specifically prohibits the carrying of a concealed knife and § 571.010 defines "knife."

 The knife in the present case was a paring knife with a sharp point. This evi-

dence supports the classification of appellant's knife as a "bladed hand instrument ... readily capable of inflicting serious physical injury or death by cutting or stabbing a person" within § 571.010(9). The issue of whether appellant carried a "knife," was properly submitted to the jury.

Neither manifest injustice nor any miscarriage of justice resulted from the trial court's actions. Rule 30.20. The judgment is affirmed.