STATE of Missouri, Respondent,

v.

Larry W. WRIGHT, Appellant.

No. SC 92257.

Supreme Court of Missouri,
En Banc.

Oct. 16, 2012.

Kent Denzel, Public Defender's Office, Columbia, for Wright.

Dora A. Fichter, Attorney General's Office, Jefferson City, for the State

ZEL M. FISCHER, Judge.

Larry Wright was found guilty by a jury of the unlawful use of a weapon pursuant to § 571.030.1.[1] Wright argues the circuit court erred in overruling his motion for judgment of acquittal because there was insufficient evidence presented at trial that the weapon was concealed and that the weapon was a functional lethal weapon. This Court granted transfer pursuant to article V, section 10, of the Missouri Constitution after opinion by the court of appeals. The circuit court's judgment is affirmed.

### Facts

Wright was charged with one count of forcible rape, one count of armed criminal action, one count of felonious restraint, and one count of unlawful use of a weapon. The jury acquitted Wright of all counts

---

1. All references to statutes are to RSMo Supp. 2008, unless otherwise specified.

except the count of unlawful use of a weapon, for which it returned a verdict of guilty.

Instruction No. 12, the verdict director for the unlawful use of a weapon charge, read as follows:

As to Count IV, if you find and believe from the evidence beyond a reasonable doubt:

First, that on or about January 22, 2009 in the County of Dunklin, State of Missouri, the defendant carried upon or about his person a firearm, and

Second, that defendant carried the firearm so that it was concealed from ordinary observation, and

Third, that the firearm was readily capable of lethal use, and

Fourth, that defendant acted knowingly with respect to the facts and conduct submitted in this instruction,

then you will find the defendant guilty under Count IV of unlawful use of a weapon.

However, unless you find and believe from the evidence beyond a reasonable doubt each and all of the propositions, you must find the defendant not guilty of that offense.[2]

There was testimony adduced at trial that a witness observed Wright walking behind the victim but did not see a gun. The victim testified she saw Wright pull something out to show her companion; the victim later testified it was a weapon. A third witness, the companion of the victim, testified Wright did not pull out the gun but rather showed a gun in his waistband to the companion. After observing the gun, the companion left the victim with Wright.

Evidence adduced at trial showed that later, two police officers arrived at the home where the victim first encountered Wright. Wright was outside on the front lawn with a drink and a paper towel in his hands. When the officers arrived, Wright began backing up with his hands in the air. He asked: "What did I do? What do you want?" The officers secured Wright and placed him in handcuffs. The testimony indicated the officers then executed a pat down of Wright's person and found a loaded 9–millimeter handgun in his waistband. The bullets, unloaded from the handgun, also were admitted into evidence.

### Standard of Review

■ "When considering the sufficiency of the evidence on appeal, this Court must determine whether sufficient evidence permits a reasonable juror to find guilt beyond a reasonable doubt." *State v. Belton,* 153 S.W.3d 307, 309 (Mo. banc 2005). "The evidence and all reasonable inferences therefrom are viewed in the light most favorable to the verdict, disregarding any evidence and inferences contrary to the verdict." *Id.* "This is not an assessment of whether the Court believes that the evidence at trial established guilt beyond a reasonable doubt but rather a question of whether, in light of the evidence most favorable to the State, any rational fact-finder could have found the essential elements of the crime beyond a reasonable doubt." *State v. Miller,* 372 S.W.3d 455, 458 (Mo. banc 2012). In reviewing the sufficiency of the evidence supporting a criminal conviction, an appellate court "does not act as a' super juror' with veto powers," but "gives great deference to the trier of fact." *Id.*

Section 571.030.1 reads:

1. A person commits the crime of unlawful use of weapons if he or she knowingly:

---

**2.** There was no objection to this jury instruction, which conformed to MAI–CR 3d 331.20.

(1) Carries concealed upon or about his or her person a knife, a firearm, a blackjack or any other weapon readily capable of lethal use[.]

## Concealment

■■■ Wright argues there was insufficient evidence for a jury to find he concealed the gun beyond a reasonable doubt. Concealment may be shown by evidence sufficient to show that a weapon "was not discernible by ordinary observation." *State v. Patterson*, 624 S.W.2d 11, 13 (Mo. 1981). The trial testimony would permit a reasonable juror to infer Wright had concealed the firearm in his waistband and it was not visible or discernible until he "pulled it out" or showed it to the victim and the victim's companion to intimidate them. Further, trial testimony indicated that the officers did not realize Wright had a weapon until they performed a "pat down" after securing him in handcuffs. Based on this record, there was sufficient evidence to support the judgment that Wright concealed a firearm.

## Functionality

■■■ Wright argues an essential element of the crime of unlawful use of a weapon under § 571.030.1, when the weapon in question is a firearm, is that the firearm must be "functional." Based on this contention, Wright argues there was insufficient evidence introduced at trial for a jury to find the 9–millimeter handgun was a "functional lethal weapon."

Section 571.030.1 does not require the state to prove that an unlawfully concealed firearm is "functional." The statute provides a person commits the crime of unlawful use of a weapon when he or she "[c]arries concealed upon or about his or her person a knife, a firearm, a blackjack *or any other weapon readily capable of lethal use*." Section 571.030.1(1) (emphasis added).

The legislature has provided for numerous special negative defenses to the crime of unlawful use of a weapon. Sections 571.030.3 & .4.[3] Relevant to the resolution of this case is the special negative defense of transporting a firearm that is "nonfunctioning." Providing for this special negative defense would be meaningless if the State always had to prove the functionality of a firearm in its case-in-chief. Although

---

**3.** Sections 571.030.3 & .4 state:

> 3. Subdivisions (1), (5), (8), and (10) of this section shall not apply when the actor is transporting such weapons in a nonfunctioning state or in an unloaded state when ammunition is not readily accessible or when such weapons are not readily accessible. Subdivision (1) of subsection 1 of this section does not apply to any person twenty-one years of age or older or eighteen years of age or older and a member of the United States Armed Forces, or honorably discharged from the United States Armed Forces, transporting a concealable firearm in the passenger compartment of a motor vehicle, so long as such concealable firearm is otherwise lawfully possessed, nor when the actor is also in possession of an exposed firearm or projectile weapon for the lawful pursuit of game, or is in his or her dwelling unit or upon premises over which the actor has possession, authority or control, or is traveling in a continuous journey peaceably throughout the state. Subdivision (10) of subsection 1 of this section does not apply if the firearm is otherwise legally possessed by a person while traversing school premises for the purposes of transporting a student to or from school, or possessed by an adult for the purposes of facilitation of a school-sanctioned-firearm-related event or club event.
>
> 4. Subdivisions (1), (8), and (10) of subsection 1 of this section shall not apply to any person who has a valid concealed carry endorsement issued pursuant to sections 571.101 to 571.121 or a valid permit or endorsement to carry concealed firearms issued by another state or political subdivision of another state.

some confusion was caused by dicta[4] in *State v. Purlee,* 839 S.W.2d 584 (Mo. banc 1992), the majority of cases have consistently held there is no requirement for a firearm to be loaded or operational for a defendant to be convicted under § 571.030.1. *State v. Richardson,* 886 S.W.2d 175, 177 (Mo.App.1994); *State v. Geary,* 884 S.W.2d 41, 45 (Mo.App.1994); *State v. Lutjen,* 661 S.W.2d 845, 847 (Mo. App.1983).

Wright unpersuasively relies on *Purlee* for his argument that the State must prove a concealed firearm was "functional." *Purlee* involved a case in which the defendant was convicted of possession of more than 35 grams of marijuana and the unlawful use of a weapon. *Id.* at 586. The sole issue in dispute in *Purlee* was "whether the revolver was 'concealed' within the meaning of the statute." *Id.* at 590. Any language in *Purlee* asserting the functionality of a weapon is an essential element under § 571.030.1 is nonessential to its holding and is, therefore, purely dicta. *See id.* Further, the defendant in *Purlee* claimed he was exempt from the provisions of § 571.030.1 because he was "traveling in a continuous journey peaceably through the state." *Id.* at 591. Once the exemption was properly raised by the defendant, the State had the burden to prove the weapon was functional and accessible. *Id.* However, this exemption applies only to interstate and intrastate travelers on a journey. *State v. Mason,* 571 S.W.2d 246, 248 (Mo. banc 1978). Wright did not properly raise such an exemption, and because Wright did not leave his local community and was not traveling on a journey, this exemption does not apply to him.

---

**4.** "Obitur dictum" consists of the part or parts of an opinion not necessary to decide the issues before the Court in that case and, so, do not consist of controlling precedent.

### Conclusion

The evidence was sufficient to find Wright concealed the firearm on or about his person. Section 571.030.1 does not require the State to introduce evidence of the firearm's "functionality" in order to gain a conviction for the unlawful use of a weapon. The circuit court's judgment is affirmed.

TEITELMAN, C.J., RUSSELL, BRECKENRIDGE, STITH and DRAPER, JJ., concur.

*See, e.g., Gerhard v. Terminal R. Ass'n of St. Louis,* 299 S.W.2d 866, 871 (Mo. banc 1957); *see also Jacobs v. Leggett,* 295 S.W.2d 825, 835 (Mo. banc 1956).