**STATE of Missouri, Respondent,**

v.

**Ameer RAFF–COVINGTON, Appellant.**

**No. ED 98859.**

Missouri Court of Appeals, Eastern District, Division One.

Oct. 1, 2013.

---

quests no relief from this Court and his loss of consortium claim is not the subject of this appeal.

Matthew Huckeby, St. Louis, MO, for appellant.

Chris Koster, Andrew C. Cooper, Jefferson City, MO, for respondent.

## OPINION

CLIFFORD H. AHRENS, Judge.

Ameer Raff–Covington ("Defendant") appeals from the judgment of the trial court entered after a jury convicted him of unlawful use of a weapon in violation of section 571.030.1(1) and of possession of a controlled substance in violation of section 195.202[1]. Finding no error, we affirm.

Viewed in the light most favorable to the judgment, the facts are as follows. On January 5, 2011, Detectives Curtis Burgdorf and Craig Robertson of the City of St. Louis Police Department were on patrol. Both detectives were members of the Special Operations Unit, which goes into high crime areas to investigate proactively crimes that involve drugs, weapons, and gangs. As part of a covert unit, Det. Burgdorf and Det. Robertson wore plain clothes and drove an unmarked police car. While operating their unmarked police car, they observed Defendant's car make a left turn, then begin to swerve, change lanes, and pass other cars, apparently moving at a noticeably higher rate of speed than other cars. Det. Burgdorf called in the license plates of Defendant's vehicle, and it came back with an active warrant for a speeding ticket. Thereafter the detectives initiated a traffic stop, activating the siren and visor-mounted red light. Defendant promptly pulled over. The detectives exited their car, both wearing bullet-resistant vests marked with "Police" on the front and back. Det. Burgdorf approached the driver's side door of Defendant's car, and noticed that Defendant appeared to be leaning to his left as if he were raising his lower half in the seat, possibly getting a wallet from his rear pocket. Det. Burgdorf had no problem seeing Defendant. As he approached the car, he identified himself as a police officer and explained why he stopped Defendant. Det. Burgdorf illuminated the interior of the car with his flashlight. He also illuminated Defendant's lap to look at his hands because he had appeared to be retrieving something from his rear waist area moments earlier, and he wanted to make sure that Defendant did not have a weapon in his hands. Det. Burgdorf did not see anything in Defendant's lap or his hands at that point. He recognized Defendant from prior contacts, having investigated him in 2008 for multiple robberies and as a member of the 27 Sullivan Mob. Because Defendant did not have a wallet in his hands or lap, Det. Burgdorf continued to look at those areas. As he continued to look and talk with Defendant, Defendant "was shifting around in his seat," and his legs opened a bit wider, enabling Det. Burgdorf to see the curved butt of what appeared to be a revolver under his right leg, pointing towards the passenger seat. Det. Burgdorf indicated to Det. Robertson that there might be a gun in the car, and Det. Robertson moved over to the driver's side of the car. Det. Burgdorf told Defendant to exit the car, which he did, appearing to be visibly shaken and upset. Det. Burgdorf placed Defendant under arrest for possession of a concealed firearm, and Det. Robertson secured the gun, a loaded six-shot .22 revolver. Thereafter they searched the vehicle and Defendant, finding a cellophane bag with a small rock-like substance in the right coin pocket of Defendant's jeans, which proved to be crack cocaine. Defendant was advised that he was also under arrest for possession of a controlled

1. All statutory citations are to RSMo. Cum. Supp. (2010).

substance, causing him to become even more upset.

Defendant was charged as a persistent felony offender with one count of unlawful use of a weapon in violation of section 5761.030.1(1) and one count of possession of a controlled substance in violation of section 195.202. A jury found him guilty of both counts, and the trial court sentenced him to two concurrent terms of seven years' imprisonment.

Defendant now appeals from this judgment.

In his sole point relied on Defendant contends that the trial court erred in overruling his motion for a judgment of acquittal at the close of all of the evidence and in convicting and sentencing him for unlawful use of a weapon because the evidence was insufficient to support the conviction, thereby violating his right to due process of law in violation of the U.S. Constitution and the Missouri Constitution. He avers that the State failed to prove that he carried on or about his person a concealed firearm in that Det. Burgdorf testified that he observed the butt of the gun during the traffic stop and ordered him out of the vehicle and arrested him. Defendant claims that the gun was therefore easily discernible by ordinary observation and thus not concealed.

■■■■ In reviewing a sufficiency of the evidence claim, this Court determines whether sufficient evidence allows a reasonable trier of fact to find guilt. *State v. Ecford*, 239 S.W.3d 125, 127 (Mo.App. 2007). This Court views the evidence and the inferences therefrom in the light most favorable to the verdict, disregarding all evidence and inferences to the contrary. *Id.* It is the responsibility of the finder of fact, not the appellate court, to determine the weight and credibility of all witnesses, including experts. *State v. Hayes*, 88 S.W.3d 47, 58–59 (Mo.App.2002). The finder of fact may choose to believe or reject all, some, or none of the testimony of any witness. *Id.* at 58. The finder of fact may reject a defendant's self-serving testimony. *Id.* The State has the burden of proving each and every element of the charged offense beyond a reasonable doubt. *Ecford*, 239 S.W.3d at 127. There cannot be a conviction " 'except upon evidence that is sufficient to support a conclusion that every element of the crime has been established beyond a reasonable doubt.' " *Woolford v. State*, 58 S.W.3d 87, 89 (Mo.App.2001) (quoting *Jackson v. Virginia*, 443 U.S. 307, 314–15, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979)).

■■■■ A person commits the crime of unlawful use of weapons if he or she knowingly "[c]arries concealed upon or about his or her person a knife, a firearm, a blackjack or any other weapon readily capable of lethal use;". Section 571.030.1(1). *See State v. Coyne*, 112 S.W.3d 439, 442 (Mo.App.2003). The test of concealment is whether the weapon is not discernible by ordinary observation. *State v. Mace*, 203 S.W.3d 254, 257 (Mo.App.2006). A weapon is not concealed merely because it is not discernible from a particular single vantage point if it is clearly discernible from other positions; but it may be concealed if it is discernible only from a single particular vantage point. *Id.* "Portions of the defendant's body can be considered when determining whether a weapon is concealed." *State v. Mattox*, 689 S.W.2d 93, 95–96 (Mo.App.1985). " 'A police officer's testimony that he did not see a pistol despite the opportunity to view the accused under conditions likely to cause a police officer to be particularly observant for weapons is entitled to some consideration both at the trial and appellate levels.' " *State v. Dunn*, 857 S.W.2d 359, 362 (Mo.App.1993) (quoting *State v. Murphy*, 610 S.W.2d 382, 384 (Mo.App.1980)).

In the present case Det. Burgdorf testified that as he approached the vehicle, he saw Defendant lean as if he were raising his lower body, possibly to get a wallet from the rear pocket of his pants. He stated that he used his flashlight to look at Defendant's lap and hands because he had seen him move as if he were retrieving something from his rear area, and wanted to make sure that Defendant did not have a gun in his hands. He said that he initially did not see anything in Defendant's lap or hands, which caused him to keep looking at those areas because Defendant had not apparently retrieved a wallet from his back pocket. Det. Burgdorf testified that he did not see the .22 revolver until Defendant shifted in the car seat while Det. Burgdorf was speaking to him, still looking at his lap and hands. Defendant testified that he did not have any drugs and did not have any weapon and that he had been driving normally when he was stopped by the police. We view the evidence and the inferences therefrom in the light most favorable to the verdict, disregarding all evidence and inferences to the contrary. *Ecford*, 239 S.W.3d at 127. There was sufficient evidence that the gun was concealed. Det. Burgdorf did not see the gun initially when he looked at Defendant's lap and hands, and only saw it because Defendant shifted in the car seat. Point denied.

The judgment of the trial court is affirmed.

ROY A. RICHTER, P.J., and GLENN A. NORTON, J., concur.