

# In the Missouri Court of Appeals
## Eastern District

### DIVISION TWO

| | | |
|---|---|---|
| STATE OF MISSOURI, | ) | ED102917 |
| | ) | |
| Respondent, | ) | Appeal from the Circuit Court |
| | ) | of Cape Girardeau County |
| v. | ) | 14CG-CR01467-01 |
| | ) | |
| ROBERT D. RODRIGUEZ, | ) | Honorable Michael E. Gardner |
| | ) | |
| Appellant. | ) | FILED: February 9, 2016 |

### Introduction

Robert D. Rodriguez (Defendant) appeals from the sentence and judgment entered following a bench trial convicting him of robbery in the first degree. Defendant asserts there was insufficient evidence to support the conviction and the trial court abused its discretion in allowing certain testimony. We affirm.

### Background

The State charged Defendant with robbery in the first degree (Count I) and armed criminal action (Count II). Defendant waived his right to a jury trial in exchange for the State dismissing Count II. The evidence at trial, viewed in a light most favorable to the verdict,[1] revealed the following.

---

[1] Williams v. State, 386 S.W.3d 750, 754 (Mo. banc 2012).

On August 12, 2014, Serle Thomas (Victim) was in Cape Girardeau for a meeting with a mutual acquaintance to purchase a vehicle, described as a "box Chevy." Victim had brought $5,000 in cash divided into $1,000 amounts wrapped in multi-colored rubber bands with him to purchase the vehicle. He met with the mutual acquaintance, later identified as Defendant, who instructed Victim to follow him in his truck. They drove a circuitous route to an apartment building where there was a box Chevy. Rather than discussing the sale of the vehicle, Defendant demanded Victim's money and wallet at gunpoint and drove away.

Cape Girardeau police officer Josiah Mehl (Officer Mehl) responded to the reported robbery. Upon arriving, Officer Mehl encountered Victim who appeared to be "shaken up." Victim gave Officer Mehl a physical description of the suspect and the vehicle the suspect was driving, which Officer Mehl shared over a radio bulletin. Soon after, Detective Matthew Ballew (Detective Ballew) with the Ste. Genevieve County Sheriff's Office pulled over a vehicle matching Officer Mehl's description. After removing Defendant and two others from the vehicle and placing them in custody, Detective Ballew conducted a search. Detective Ballew found Victim's wallet inside the vehicle along with a large quantity of money wrapped in different colored rubber bands. According to Detective Ballew's report, the money amounted to over $5,000. Detective Ballew then took Defendant to the Ste. Genevieve County Jail.

Defendant testified that he had obtained the money found during Detective Ballew's search by gambling. Further, Defendant testified that he and Victim were both drug dealers, and that he had met with Victim for the purpose of buying seven pounds of marijuana from him. According to Defendant, Victim met with him and entered into his

2

vehicle with a small sample of the marijuana; Victim stated the remaining seven pounds of marijuana was in his truck. However, Defendant ultimately chose not to purchase any drugs from Victim, and left. Defendant claimed that Victim must have left his wallet in his vehicle during this meeting.

At trial, Officer Mehl testified he had looked in and around Victim's truck to help him find his keys and did not detect "anything unusual." The State asked Officer Mehl whether in his experience marijuana has a distinct odor and whether, hypothetically speaking, he would have been able to smell seven pounds of marijuana hidden inside a vehicle. Counsel for defense objected that the question was hypothetical and called for speculation. The trial court overruled the objection and Officer Mehl testified he "expect[ed]" he would be able to smell that quantity of marijuana inside a vehicle. The trial court found Defendant guilty of robbery in the first degree beyond a reasonable doubt and sentenced him to ten years' imprisonment in the Missouri Department of Corrections. This appeal follows.

## Discussion

### Point I

In his first point on appeal, Defendant challenges the sufficiency of the evidence and argues the trial court erred in finding Defendant guilty of robbery in the first degree in violation of his right to due process, in that the State did not prove beyond a reasonable doubt that the incident was a robbery rather than a failed drug transaction. We disagree.

We review challenges to the sufficiency of the evidence supporting a criminal conviction by determining whether the state presented sufficient evidence at trial from which a reasonable juror might have found the defendant guilty of all essential elements

3

of the crime. State v. Gibbs, 306 S.W.3d 178, 181 (Mo. App. E.D. 2010). We accept as true all evidence supporting the jury's verdict, including all favorable inferences drawn from the evidence, and disregard all evidence and inferences to the contrary. Id. This Court does not re-weigh the evidence, but instead gives great deference to the trier of fact. State v. Nash, 339 S.W.3d 500, 509 (Mo. banc 2011).

A person commits first-degree robbery when he or she forcibly steals property while displaying or threatening the use of a deadly weapon. Section 569.020, RSMo (2000); see also State v. Neal, 328 S.W.3d 374, 379 (Mo. App. W.D. 2010).

Here, the testimony given by Victim directly contradicts Defendant's testimony. Victim testified that Defendant held him up at gunpoint and took $5,000 wrapped in different colored rubber bands, while Defendant claimed the money was his and he met Victim to purchase seven pounds of marijuana. However, Officer Mehl testified that he had looked inside Victim's truck and had detected nothing unusual, and he further speculated that he would have been able to smell seven pounds of marijuana in a vehicle. Detective Ballew testified that when he apprehended Defendant, Defendant had in his vehicle over $5,000 wrapped in different colored rubber bands and Victim's wallet. It is the responsibility of the trier of fact, not this Court, to determine the weight and credibility of the witnesses. State v. Raff-Covington, 410 S.W.3d 268, 271 (Mo. App. E.D. 2013). The trier of fact may believe or reject all, some, or none of the testimony given at trial. Id. This Court does not act as a "super juror" with veto powers, but gives great deference to the trier of fact. See Nash, 339 S.W.3d at 509.

The trial court here believed Victim's testimony over Defendant's, and we defer to that determination. Accepting Victim's testimony as true, there was sufficient

4

evidence in the record here to show that Defendant took Victim's wallet and money at gunpoint, which is sufficient to support a conviction of robbery in the first degree. See Section 569.020, RSMo (2000); Gibbs, 306 S.W.3d at 181; Neal, 328 S.W.3d at 379. Thus, the trial court did not err in finding Defendant guilty of robbery in the first degree.

Point denied.

## Point II

In his second point on appeal, Defendant argues the trial court abused its discretion in admitting Officer Mehl's testimony stating that he would have been able to smell a large quantity of marijuana hidden in a vehicle. Defendant argues the prejudicial impact of Officer Mehl's testimony clearly outweighed its probative value. We disagree.

We first address whether this error was preserved for review on appeal and conclude it was not. Defendant objected to the challenged testimony at trial on the basis of speculation, but argues on appeal the testimony was more prejudicial than probative. "To preserve an objection to evidence for [appellate] review, the objection must be specific, and the point raised on appeal must be based upon the same theory." State v. Knese, 985 S.W.2d 759, 766 (Mo. banc 1999). Defendant here has not maintained the same grounds for the objection at trial and on appeal, and thus we can review only for plain error pursuant to Rule 30.20.[2]

We review for plain error using a two-step analysis. State v. Floyd, 347 S.W.3d 115, 123-24 (Mo. App. E.D. 2011). First, we determine whether the record facially establishes substantial grounds to believe plain error occurred, which is error that is evident, obvious, and clear. Id. If so, we then consider whether the error resulted in

_____

[2] All rule references are to Mo. R. Crim. P. (2015), unless otherwise noted.

5

manifest injustice or a miscarriage of justice. Id. Plain error review requires that the alleged error have a decisive effect on the verdict. State v. White, 247 S.W.3d 557, 563 (Mo. App. E.D. 2007).

To be admissible, evidence must be both logically and legally relevant. See State v. Houston, 467 S.W.3d 894, 898 (Mo. App. E.D. 2015). "Evidence is logically relevant if it tends to make the existence of a material fact more or less probable, and evidence is legally relevant if its probative value outweighs any costs related to its admission, such as unfair prejudice, confusion, misleading the jury, or cumulativeness." Id. We review challenges to the admissibility of evidence for prejudice, not mere error, and we will reverse only where the error was so prejudicial that it deprived the defendant of a fair trial. Id. In a bench trial, we presume the trial court disregards improper evidence in reaching its judgment, unless the record was clear the trial court considered and relied on the inadmissible evidence. State v. Ernst, 164 S.W.3d 70, 74-75 (Mo. App. S.D. 2005); see also State v. Brooks, 397 S.W.3d 454, 457 (Mo. App. E.D. 2013).

Here, Defendant's version of the facts was that he was meeting Victim to engage in a drug sale and that Victim reportedly had seven pounds of marijuana in his truck. Officer Mehl testified at trial that he looked inside Victim's truck while helping Victim search for his keys after the robbery and did not notice anything unusual, and he further testified that he generally believed he would have been able to smell seven pounds of marijuana in a vehicle. While Defendant argues this testimony was irrelevant, Defendant raised the issue of marijuana in Victim's truck and the State can properly present evidence that tends to explain, counteract, repel, or disprove evidence offered by defendant. State v. Gillespie, 401 S.W.3d 560, 563 (Mo. App. E.D. 2013). Because

6

Defendant injected the issue by claiming he was meeting Victim to purchase a large quantity of marijuana, rebuttal testimony from Officer Mehl inferring no marijuana existed was relevant to explain, counteract or disprove Defendant's testimony. See id. Thus, Officer Mehl's testimony was admissible.

Further, Defendant failed to show that the probative value of Officer Mehl's testimony was outweighed by any potential costs from the admission of that testimony. In a court-tried case we presume the trial court disregarded any improper evidence. See Brooks, 397 S.W.3d at 457; Ernst, 164 S.W.3d at 74-75. "In a jury-waived case a certain amount of latitude in the admission of evidence is allowed." State v. Sladek, 835 S.W.2d 308, 313 (Mo. banc 1992). Where, as here, there is no evidence showing the trial court relied on the challenged evidence in reaching its verdict, we will not find it was more prejudicial than probative. See Ernst, 164 S.W.3d at 74-75.

Regardless, even if the trial court admitted the challenged evidence in error, no manifest injustice resulted. While Officer Mehl's testimony corroborated Victim's, it was not indispensable to the verdict, and thus it did not have a decisive effect on the verdict, as is necessary for a finding of plain error See State v. Mead, 105 S.W.3d 552, 556-57 (Mo. App. W.D. 2003); see also White, 247 S.W.3d at 563. Officer Mehl's testimony rebutted Defendant's theory of defense, but had it been excluded, there was sufficient evidence in the record from which the trial court could still have found Defendant guilty. The trial court did not plainly err in admitting Officer Mehl's testimony.

Point denied.

## Conclusion

The judgment of the trial court is affirmed.

Gary M. Gaertner, Jr., Judge

Philip M. Hess, P. J., concurs.
Angela T. Quigless, J., concurs.