STATE of Missouri, Respondent,

v.

Rodney A. BATEMAN, Appellant.

No. ED 104715

Missouri Court of Appeals,
Eastern District,
DIVISION ONE.

Filed: August 22, 2017

Lisa M. Stroup, 1010 Market Street, Suite 1100, St. Louis, MO 63101, for Appellant.

Joshua D. Hawley, Robert J. Bartholomew, Asst. Attorney General, P. O. Box 899, Jefferson City, MO 65102, for Respondent.

ROBERT G. DOWD, JR., Presiding Judge

Rodney Bateman ("Appellant") appeals from the judgment entered after a jury trial on his conviction for unlawfully using a weapon by carrying a concealed firearm.[1] He contests only the sufficiency of the evidence to prove that the firearm was concealed. We affirm.

When considering the sufficiency of the evidence on appeal, we must determine whether sufficient evidence permits a reasonable juror to find guilt beyond a reasonable doubt. *State v. Wright*, 382 S.W.3d 902, 903 (Mo. banc 2012). We view the evidence and all reasonable inferences therefrom in the light most favorable to the verdict and disregard any evidence and inferences contrary thereto. *Id.* "This is not an assessment of whether the Court believes that the evidence at trial established guilt beyond a reasonable doubt but rather a question of whether, in light of the evidence most favorable to the State, any rational fact-finder could have found the essential elements of the crime beyond a reasonable doubt." *Id.* We do not act as a super juror with veto powers, but give great deference to the trier of fact. *Id.*

A person commits the offense of unlawful use of a weapon if he knowingly "carries concealed upon or about" his person a firearm readily capable of lethal use. Section 571.030.1(1). The test of concealment is "whether the weapon is so carried as not to be discernible by ordinary observation." *State v. Bordeaux*, 337 S.W.2d 47, 49 (Mo. 1960); *see also State v. Dunn*, 857 S.W.2d 359, 361-62 (Mo. App. E.D. 1993). "A weapon is not concealed merely because it is not discernible from a particular single vantage point if it is clearly discernible from other positions; but it may be concealed if it is discernible only from a single particular vantage point." *State v. Raff-Covington*, 410 S.W.3d 268, 271 (Mo. App. E.D. 2013). Portions of the defendant's body can be considered when determining whether a weapon is concealed. *Id.* "A police officer's testimony that he did not see a pistol despite the opportunity to view the accused under conditions likely to cause a police officer to be particularly observant for weapons is entitled to some consideration both at the trial and appellate levels." *Id.*

The evidence at trial established that while investigating another situation at 1:00 a.m. in a neighborhood with a high rate of homicides, gun violence and drug activity, police officers saw an SUV speed by and crash into a parked car. Concerned that the driver had been injured, the officers approached the vehicle to help. As they approached, the driver—later identified as Appellant—staggered out of the vehicle and looked disoriented. The first officer who testified said that Appellant was "hunched over kind of with his left

---

1. Appellant does not appeal his convictions for unlawful possession of a firearm by a felon and assaulting a law enforcement officer, for which he was sentenced as a prior and persistent offender to prison terms of ten years and one year respectively. Those sentences are to be served concurrently with each other and with the seven-year term of imprisonment he received on the carrying a concealed weapon conviction.

shoulder blading forward, and he was clutching ... either his upper thigh or his waistband" on the right side. The officer said Appellant "looked like he was attempting to conceal something" with the position of his body. Because he always anticipates someone has a firearm, the officer asked Appellant to put his hands up. The officer testified that Appellant complied and, at that point, he could "see, like a large outline of a firearm" on the right side of Appellant's waistband. It was "completely below" Appellant's waistline and "fully concealed" in his pants. When asked how the officer knew that the bulge he saw under Appellant's clothing was a firearm, the officer said "it was very distinct" and "had an extended magazine on it." The officer testified that there are not too many other things that someone will put in their waistband. He testified it was a "very noticeable" and "very distinct" bulge.

The second officer who testified said that when he approached the car, Appellant was facing the vehicle and the officer thought he may have been trying to get back in the SUV. The officer saw "something" poking the back of Appellant's shirt out on his lower right side, at his waist. The officer said he could not really tell what it was, he just knew that he did not want Appellant to touch it since it was possibly a firearm, so he told Appellant to put up his hands. The officer did a pat-down search of Appellant and immediately found and removed a large firearm with an extended magazine from the right side of Appellant's waistband. He testified that prior to removing it, the gun was "fully concealed" and he could not see it at all.

■ On appeal, Appellant asserts that it was "always apparent" to these officers that he had a gun from the beginning of their encounter with him because one officer saw the outline of the firearm and the other saw the firearm poking Appellant's

shirt out. Thus, he claims, the evidence was not sufficient to show concealment and, in fact, proved the weapon was not concealed. We disagree.

First, the second officer did not testify that he saw a "firearm" poking out the back of Appellant's shirt, only that he saw "something" he thought was "possibly" a firearm was making Appellant's shirt stick out. When the officer sees something but does not recognize it as a weapon, the weapon can still be considered "concealed." *See, e.g, State v. Rowe*, 67 S.W.3d 649, 659 (Mo. App. W.D. 2002) (evidence was sufficient to show knife was concealed even though handle was visible because officer did not readily recognize it as part of a weapon). Appellant's firearm was at all times wholly covered with clothing, and from this officer's vantage point, the firearm was not discernable by ordinary observation until the officer removed it during the pat-down search. Even if the weapon could be seen from the other officer's viewpoint, the jury could still reach a conclusion that it was concealed. *See, e.g., State v. Howard*, 973 S.W.2d 902, 907 (Mo. App. S.D. 1998) (evidence that weapon stashed under seat of a car was not visible except by looking down into crack between seats was sufficient evidence of concealment); *State v. Straub*, 715 S.W.2d 21, 22 (Mo. App. E.D. 1986) (evidence that gun not visible until officer got closer was sufficient evidence of concealment); *State v. Murphy*, 610 S.W.2d 382, 384 (Mo. App. E.D. 1980) (evidence that officer did not see weapon, covered partially by jacket pocket and partially by hand, except for brief moment as defendant turned was sufficient evidence of concealment).

Second, being able to discern by ordinary observation the *outline* of a firearm under clothing is not the equivalent of seeing the *actual* firearm itself. Most importantly for purposes of this crime, the

fact that an officer could tell that the bulge in Appellant's pants was a firearm does not change the fact that Appellant clearly intended to carry this weapon in a concealed manner. Appellant stuffed this large gun deep into the waistband of his pants and put his shirt over the portion that stuck up above the waistband so as to completely cover it with his clothing. Carrying a weapon under clothing is a common way to keep the weapon concealed and is routinely found sufficient evidence of concealment for purposes of this crime. *See Dunn*, 857 S.W.2d at 360-62 (defendant placed gun in belt at small of his back and officer did not see it even though some evidence part of gun was showing); *State v. Dowdy*, 724 S.W.2d 250, 252 (Mo. App. W.D. 1986) (knife carried in pocket and officers did not see it); *State v. Odzark*, 532 S.W.2d 45, 49 (Mo. App. 1976) (pistol carried in front waistband with jacket covering top of pants and officers did not see it even though jacket was unbuttoned); *State v. Woolbright*, 495 S.W.2d 637, 638 (Mo. 1973) (officers saw defendant put gun in waistband of trousers and conceal it with shirt); *State v. Crone*, 399 S.W.2d 19, 20-21 (Mo. 1966) (witness saw defendant with revolver earlier in day, then saw bulge around his belt and something sticking under his shirt later same day).

For us to conclude that simply because the bulge created under the clothing looked like a weapon it was "not concealed" would be to conclude that the weapon was being carried "openly" and that Appellant intended for the firearm to be noticeable. This would be an absurd result. The manner in which Appellant was carrying this firearm created precisely the danger sought to be avoided by criminalizing the carrying of concealed weapons. "The purpose of a concealed weapons stat-

ute is to break down the pernicious and dangerous habit of carrying concealed weapons to be used if it should become necessary" *Dowdy*, 724 S.W.2d at 252. This result would be especially absurd given that the reason the bulge was so distinctly the outline of a weapon was because of the large size of the weapon with an extended magazine capable of even more harm than a smaller weapon that might not have created such a distinct bulge. Moreover, it would be an unreasonable inference to conclude that by stuffing this weapon down his pants and putting his shirt over it, Appellant intended for it to be visible and carried openly. His conduct demonstrating his intent to conceal is sufficient evidence. *See State v. Mattox*, 689 S.W.2d 93, 96 (Mo. App. E.D. 1985) (despite defendant's testimony that gun was accidentally covered by pile of clothing on seat of car, other evidence showed he reached for the pile of clothing in a way indicating he knew there was a gun underneath).

Cases in which our courts have concluded that a weapon was not concealed involve situations in which the weapon is wholly or partially exposed and there is no evidence of an intent to conceal. So, for instance, in *State v. Payne*, this Court found insufficient evidence of concealment where the officers testified that they saw the butt of a gun visibly protruding from under an armrest of car as soon as they looked inside the defendant's car. 654 S.W.2d 139, 141 (Mo. App. E.D. 1983). But here, it was reasonable for the jury to infer from the fact that this large gun was stuffed in his waistband with the shirt over it that Appellant had the intent to conceal the weapon even though the officer could discern the outline of the firearm.[2]

■ Third, even if this firearm was "not concealed" because the outline of it

**2.** In *State v. Suber*, an Ohio court stated that, under a similar concealed carry statute, a firearm carried in a pocket would not be

rendered "not concealed" even if an officer saw the outline of weapon. 118 Ohio App.3d 771, 694 N.E.2d 98, 103 (1997). That court

could be seen under his clothes, there was also evidence that Appellant positioned his body in a way that hid the weapon from ordinary observation. The first officer who testified said that when Appellant initially stepped out of the SUV, he was hunched over and using his shoulder to cover what was in his waistband. It was not until Appellant raised his hands that this officer observed the outline of the firearm under Appellant's clothes. Testimony that the officer did not see a weapon until the defendant moved his body to reveal it is sufficient evidence of concealment. For instance, in *Raff–Covington*, when he first looked inside the defendant's car for weapons, the officer did not see any. 410 S.W.3d at 272. But when the defendant shifted in his seat, the officer saw the butt of a firearm sticking out underneath the defendant's leg. *Id.* Here too, the officer did not see even the outline of the weapon initially because of the placement of Appellant's body. The outline of the weapon under his clothes only became discernable when Appellant raised his hands. The use of his body to hide the weapon is alone sufficient evidence from which a rational trier of fact could find concealment. When coupled with evidence that Appellant also completely covered the weapon under this clothing, we are left with no doubt that the judgment on this conviction should be affirmed.

Point denied. The judgment is affirmed.

Sherri B. Sullivan, J. and Kurt S. Odenwald, J., concur.

also pointed out that a weapon can be in "plain sight" for purposes of justifying an officer's search and still "concealed" for purposes of the concealed-carry crime. *Id.* Here, the plain outline of a gun is likely to have provided justification to search Appellant, but that should have no impact on whether he intended to carry this weapon in a concealed manner.