

# Missouri Court of Appeals

## Southern District

### Division Two

STATE OF MISSOURI, )
      )
    Plaintiff-Appellant, )
      )
v.   )    No. SD37081
      )
THOMAS ELVIN BRANSON, )    **Filed:  January 18, 2022**
      )
    Defendant-Respondent. )

### APPEAL FROM THE CIRCUIT COURT OF WEBSTER COUNTY

Honorable David T. Tunnell

**AFFIRMED**

Thomas Elvin Branson ("Defendant") is charged with delivering a controlled substance.  Defendant moved to suppress evidence obtained by the police that consisted of drugs located in Defendant's backpack and statements Defendant allegedly made about those drugs.  After an evidentiary hearing, the trial court granted the motion to suppress.

In this interlocutory appeal of that ruling,[1] the State does not challenge the suppression of Defendant's alleged statements.  The State does contend, in two, alternative points, that the trial court erred in suppressing the drugs located in Defendant's backpack because the search was either a lawful search incident to arrest or the drugs would have

---

[1] The State is permitted to file an appeal from any judgment or order that suppresses evidence or admissions under section 547.200.1(3)-(4).  All statutory references are to RSMo 2016.

inevitably been discovered when an inventory search was conducted at the time Defendant was booked into the jail.[2]

Because the trial court granted the motion, and the State relies wholly upon testimonial evidence that the trial court was not required to credit, we must affirm.

## The Evidence

The following testimonial evidence relevant to the State's appeal was presented at the suppression hearing. On January 8, 2021, Sergeant Gabe Stroud of the Seymour Police Department ("Sergeant Stroud") received a call for a well-being check on an individual at a local business. Sergeant Stroud contacted Defendant at a Family Dollar store. He observed that Defendant was sweating heavily and had quick and twitching extremities. Based upon those observations, Sergeant Stroud believed that Defendant was under the influence of narcotics. Sergeant Stroud asked Defendant for his identification, which Defendant provided. When Sergeant Stroud called the identifiers into dispatch, they informed him that Defendant had an active no-bond warrant out of Douglas county.

Sergeant Stroud then placed Defendant "in handcuffs and asked him if he had anything of an illegal nature or any weapons on his person or any property he had with him." Defendant responded that "he had dope in his backpack but it was a personal amount, but it might not look like it." Once Defendant was in handcuffs and against a wall, he couldn't use his arms to gain access to his backpack. Sergeant Stroud then read Defendant his *Miranda*[3] rights and searched the backpack. Inside, he located a black bag with two glass smoking pipes, and several individual baggies that contained a white substance that later field-tested positive for methamphetamine.

---

[2] The State did not present any evidence that Defendant's backpack was actually searched and inventoried when Defendant was booked into the jail.

[3] *Miranda v. Arizona*, 384 U.S. 436 (1966).

After the evidence concluded and the parties had presented their arguments, the trial court said that it would "research and make a ruling." The next day, the trial court made its ruling via a written docket entry that stated, "Defendant's Motion to Suppress Evidence and Statements filed 3/17/2021 is sustained in its entirety." The order did not provide any explanation of why the motion had been granted.

## Standard of Review

> "At a hearing on a motion to suppress, the state bears both the burden of producing evidence and the risk of nonpersuasion to show by a preponderance of the evidence that the motion to suppress should be overruled." *State v. Grayson,* 336 S.W.3d 138, 142 (Mo. banc 2011) (internal quotations omitted). . . . "The Court defers to the trial court's determination of credibility and factual findings, inquiring only whether the decision is supported by substantial evidence, and it will be reversed only if clearly erroneous." *State v. Goff,* 129 S.W.3d 857, 862 (Mo. banc 2004) (internal quotations omitted).

*State v. Carrawell*, 481 S.W.3d 833, 837 (Mo. banc 2016).

## Analysis

*Point 1 – Search Incident to Lawful Arrest*

In its first point, the State argues that "[t]he trial court clearly erred in sustaining Defendant's motion to suppress in its entirety, because the search of his backpack was justified as a search incident to a lawful arrest, in that Defendant's backpack was still within Defendant's reach even after he was arrested." We must disagree.

"Warrantless searches are '*per se* unreasonable under the Fourth Amendment[,]' unless an 'established and well-delineated' exception applies." *Carrawell*, 481 S.W.3d at 838 (quoting *Katz v. United States*, 389 U.S. 347, 357 (1967)). "One such exception is a search incident to a lawful arrest[,]" meaning "the arrestee's person and the area 'within his immediate control' –construing that phrase to mean the area from within which he

3

might gain possession of a weapon or destructible evidence." *Id*. (quoting *Chimel v. California*, 395 U.S. 752, 763 (1969)).

The State claims that, after Defendant was arrested pursuant to a Douglas County warrant, Defendant's backpack was lawfully searched incident to that lawful arrest.[4]  In support, the State claims that it "presented evidence that the backpack was still within Defendant's immediate control, and thus the search by [Sergeant] Stroud was justified."

Assuming, *arguendo*, the legality of Defendant's arrest, the trial court heard conflicting testimony about whether or not the backpack was within Defendant's immediate control when it was searched.  While Sergeant Stroud testified that the backpack was sitting next to Defendant's legs, he also testified that, after he placed Defendant in handcuffs, "[Defendant] didn't have access to his bag[,]" did not have access to his property or the backpack, was handcuffed up against the wall, and couldn't use his arms to access the backpack because he was in custody at the time.

"In ruling on a motion to suppress, the trial court may believe or disbelieve all or any part of the testimony presented by the State[.]" *State v. Utech*, No. ED 108605, 2021 WL 163099, at *2 (Mo. App. E.D. Jan. 19, 2021) (quoting *State v. Selvy*, 462 S.W.3d 756, 764 (Mo. App. E.D. 2015)).  The trial court was entitled to credit the testimony that Defendant's backpack was *not* within his immediate control, and from that finding conclude that the exception to the exclusionary rule based upon a search incident to arrest did not apply.  *Carrawell*, 481 S.W.3d at 837.

Point 1 is denied.

---

[4] While challenging the fruit of it, Defendant's argument does not claim that the arrest itself was unlawful, and no such determination is necessary to resolve the State's points on appeal.

4

*Point 2 – Inevitable Discovery*

Point 2 claims the trial court clearly erred in sustaining Defendant's motion to

suppress

> because any alleged malfeasance by the State was cured by the inevitable
> discovery doctrine, in that the State presented substantial evidence that any
> contraband in Defendant's backpack would have inevitably been discovered
> when he entered the jail, as it was standard procedure to go through every
> pocket and bag inside of a backpack upon [Defendant]'s entry into the jail,
> and [Corporal] Fannen testified at the suppression hearing that if there were
> narcotics in a backpack they would have been discovered in this search.

While we acknowledge the potential applicability of that recognized exception, we

cannot conclude that the trial court clearly erred in refusing to apply it here.

> One exception to the general rule of exclusion is the inevitable-
> discovery doctrine. [*State v. Oliver*, 293 S.W.3d 437,] 443 [(Mo. banc
> 2009)] (citing [*State v.*] *Rutter*, 93 S.W.3d [714,] 726 [(Mo. banc 2002)]).
> Under the inevitable-discovery doctrine, evidence discovered through
> unconstitutional means is nevertheless admissible where the evidence
> would have been inevitably discovered by law enforcement. [*Id.*] (citing
> [*Rutter*], 93 S.W.3d at 726). For the inevitable-discovery doctrine to apply,
> the State must show by a preponderance of the evidence that proper law
> enforcement procedures would have been utilized and those procedures
> would in fact have inevitably led to the discovery of the challenged
> evidence. [*Id.*] (citing [*Rutter*], 93 S.W.3d at 726 (citing [*Nix v. Williams*],
> 467 U.S. 431, 444, 104 S.Ct. 2501, 81 L.Ed.2d 377 (1984))).

***State v. Little***, 604 S.W.3d 708, 720 (Mo. App. E.D. 2020).

In support of its position, the State relies upon the testimony of Corporal Fannen

regarding the jail's standard booking procedures as proof of what would have taken place

when Defendant arrived at the jail. According to Corporal Fannen, the policy and

procedure at the jail was to do an itemized intake of the inmate's property and "go through

pocket by pocket, pulling everything out." All the inmate's property would be recorded in

a log, and any drugs contained in that property would be discovered during the booking

process. The State did not introduce into evidence any written policy manual or other

5

formal directives setting forth the procedure that Corporal Fannen said would have been used, and his oral testimony, as that of Sergeant Stroud, was subject to credibility determinations that are solely within the province of the trial court.

The trial court was free to disbelieve Corporal Fannen's testimony about the standard jail procedures. *Utech*, 2021 WL 163099, at \*2. And even if the trial court believed Corporal Fannen's testimony about the standard jail procedures, it was still free to disbelieve that those procedures would actually have been followed. *Cf.* **State v. Coyne**, 112 S.W.3d 439, 443 (Mo. App. E.D. 2003) (where the officer instructed to perform a routine inventory search testified that he did in fact perform it, and he located the gun that was held admissible under the inevitable discovery exception).

Our governing standard of review compels us to assume that the State did not meet its burden of persuading the trial court by a preponderance of the evidence that a subsequent inventory search would have inevitably led to the discovery of the drugs in Defendant's backpack. *See* **Little**, 604 S.W.3d at 720. *See also* **Utech**, 2021 WL 163099, at \*2 (the trial court may disbelieve the State's uncontradicted evidence).

Point 2 is also denied, and the order suppressing the admission of the drugs inside Defendant's backpack is affirmed.

DON E. BURRELL, OPINION AUTHOR

MARY W. SHEFFIELD, P.J. – CONCURS

GARY W. LYNCH, J. – CONCURS